SARAH W. S. MILLER, Plaintiff, *v.* ISABELLA GALLUSSER and Others, Defendants.

Supreme Court, Trial Term, Ulster County, March 10, 1938.

*Lorenz & Lorenz* [*J. Edward Conway* of counsel], for the plaintiff.

*N. Le Van Haver* [*Joseph H. Forman* of counsel], for the defendants.

SCHIRICK, J.   On December 1, 1931, the plaintiff was owner of a certain parcel of real property located in the town of Shandaken, Ulster county.   On that day she leased this property to Charles L. Gallusser, Sr., for a term of five years, at a rental of seventy-five dollars per year, payable each December first in advance.   As part of the consideration for this lease the tenant was to spend not less than $1,000 during the five-year term for improvements.

At that time, and continually since then, the plaintiff was and has been a resident of Washington, D. C.   She received no notices of taxes due, except a school tax for the year 1932, which she paid. She received no notice of a town tax for 1932.   Such tax not having been paid within six months, the property was offered for sale pursuant to section 150 of the Tax Law.   The plaintiff received no notice of this.   The tenant did, however, and he bought in the property at the tax sale, held on December 22, 1932.   A year later, the plaintiff's right to redeem the property pursuant to section 152 of the Tax Law expired, and on January 5, 1934, Gallusser received a deed from the county treasurer.   The plaintiff had no knowledge of this.   She still had two years in which to redeem from the purchaser pursuant to section 137 of the Tax Law, unless this period was reduced to six months by the service of a notice upon the occupant pursuant to section 134.   In order to reduce the period of redemption the tenant, as purchaser, caused a notice to be served upon himself, as occupant, on January 20, 1934.   This notice was not called to the attention of the plaintiff.

When the rent which was due under the lease on December 1, 1933, was not paid on time, the plaintiff wrote Gallusser on December 21, 1933, and again on January 18, 1934, demanding payment.   On January 24, 1934, after having acquired title and having served a notice upon himself, Gallusser sent a check to the plaintiff for the amount of the rent due.   No letter accompanied the check, nor did Gallusser intimate in any way that he entertained any claim to the property adverse to the plaintiff.

At the expiration of the six months' period of redemption, Gallusser recorded in the Ulster county clerk's office a treasurer's certificate to the effect that the period for redemption had expired, and that his title had become absolute.

It was not until the following rent date that the plaintiff received any intimation of the events outlined above. On December 8, 1934, she wrote to remind Gallusser of the fact that rent was due. Receiving no reply, she wrote again on January 25, 1935. On February 1, 1935, Mrs. Gallusser answered, and for the first time the plaintiff was informed of the fact that a tax sale had been held, and that Mrs. Gallusser's husband had been the purchaser thereat. The plaintiff immediately caused inquiries to be made, and upon learning the facts commenced this action.

In this suit the plaintiff seeks an adjudication that Gallusser had purchased the property as trustee for the plaintiff; that the defendants reconvey the same to the plaintiff; and that they account to her for the rents and profits derived from the property.

In the opinion of the court, the series of transactions by which Gallusser acquired title to the property and cut off the plaintiff's right to redeem is saturated with fraud. His conduct falls far short of that standard of honest dealing which equity exacts. One can, perhaps, pass over the sins of omission, by saying that he had no legal duty to inform the plaintiff of the fact that taxes were due, or that the property was to be sold for non-payment of taxes, or that a tax deed had been given him. It is not possible in this manner to overlook the active fraud practiced by him upon the plaintiff.

When Gallusser, as purchaser, caused a notice to be served upon himself as occupant, he defrauded the plaintiff of the notice which the statute intended to afford her. Section 134 of the Tax Law, providing that a notice be served upon the occupant, contemplates this as an efficient method of transmitting information to the owner. The policy of the law in this respect is stated in a different situation by section 225 of the Real Property Law, which imposes upon a tenant the duty of transmitting to his landlord any process in an action affecting the title to the property. Surely the law did not intend that a purchaser at a tax sale might serve a notice upon himself, and thus cut short the time in which the owner might redeem. It is stipulated in this case that Gallusser at all times knew the plaintiff's address, and could have transmitted the notice to her by mail, an alternative provided by the Tax Law.

The second and more serious fraud practiced by Gallusser upon the plaintiff occurred on January 24, 1934. In spite of the fact that he had bid in the property at the tax sale, receiving a tax deed, and had served a notice upon himself to redeem, Gallusser on

that date sent a check for the rent to the plaintiff. Unaccompanied by any letter or explanation of any kind, this act was manifestly motivated by the purpose of lulling the plaintiff into a sense of security and to prevent her from making any inquiries which might inform her of the facts before the period of redemption had expired. This was the final act in the conspiracy of silence and secrecy which Gallusser caused to enshroud the entire series of transactions.

In the face of such fraudulent practice, it does not suffice to argue that no agency or other fiduciary relationship existed between Gallusser and the plaintiff. When it is convinced that a party has gained title to property through wrongdoing practiced at the expense of another, the conscience of equity will compel him to disgorge his ill-won gains through the instrumentality of the constructive trust.

The remedial character of the constructive trust is pointed out in several opinions of the Court of Appeals. In *Beatty* v. *Gugenheim Exploration Co.* (225 N. Y. 380), CARDOZO, J., stated: "A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder to the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee."

Again in *Meinhard* v. *Salmon*, Chief Judge CARDOZO stated: "A constructive trust is then the remedial device through which preference of self is made subordinate to loyalty to others." (249 N. Y. 458, at p. 467.)

Judgment will be entered in favor of the plaintiff, adjudging the defendants to hold the title as constructive trustees in favor of the plaintiff. The defendants are directed to execute and deliver a conveyance of the property to the plaintiff, and to account to the plaintiff for the rents and profits derived from the property.

Submit findings and judgment.